# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK HOWARD BURR,<br>Petitioner,<br>v.<br>RIDGECREST MUNICIPAL, et al.,<br>Respondents. | Case No. 1:26-cv-06258-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

Petitioner is a state detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently involved in criminal proceedings in the Kern County Superior Court. Petitioner has not yet been sentenced, and he has not gone through any appeals. Accordingly, the Court declines to intervene in the state proceedings and recommends dismissal of the petition without prejudice based on Younger v. Harris, 401 U.S. 37 (1971).

## I.
## BACKGROUND

Petitioner is currently confined at the Kern County jail. (ECF No. 1 at 1.[1]) In the instant federal habeas petition, Petitioner challenges his previous 2004 conviction and current sentence enhancement. (Id. at 2, 6–7.) It appears that Petitioner has not presented his claims to the state

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

appellate court or the California Supreme Court.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In Younger v. Harris, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. at 45.

> We have articulated a four-part test to determine when *Younger* requires that federal courts abstain from adjudicating cases that would enjoin or risk interfering with pending state-court proceedings. "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original) (quoting *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Duke v. Gastelo, 64 F.4th 1088, 1094 (9th Cir. 2023). "Abstention is only appropriate when all four requirements are met." Id.

"But even where the *Younger* factors are satisfied, 'federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Bean v. Matteucci, 986 F.3d 1128, 1133 (9th Cir. 2021) (some internal quotation marks omitted) (quoting Arevalo v. Hennessy, 882 F.3d 763, 765–66 (9th Cir. 2018)). The Ninth Circuit has "recognized an irreparable harm exception to *Younger*," Bean, 986

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

F.3d at 1133 (citing World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987)), and has applied this exception to claims raised by pretrial detainees in the following contexts: (1) "where a pretrial detainee presents '[a] colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,'" Bean, 986 F.3d at 1133 (quoting Dominguez v. Kernan, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)); (2) "where a petitioner raised a due process challenge to his pretrial detention in the context of a state civil sexually violent predator proceeding," Bean, 986 F.3d at 1133 (citing Page v. King, 932 F.3d 898, 901–02 (9th Cir. 2019)); and (3) where a pretrial detainee challenged a court order authorizing forcible administration of antipsychotic medications, Bean, 986 F.3d at 1134–36.

Here, all four Younger factors are satisfied. There is an ongoing state criminal prosecution, and state criminal prosecutions implicate important state interests. There is an adequate opportunity in Petitioner's state proceedings, whether at the trial level or on appeal, to raise constitutional challenges. See Penzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"); Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). And the requested relief of "revers[ing] decisions" and "dismiss[ing] charges," (ECF No. 1 at 8), has the practical effect of enjoining the ongoing state criminal prosecution. Further, Petitioner has not made any showing of extraordinary circumstances that would render abstention inappropriate. Petitioner has not "alleged and proved" that the state prosecution was undertaken "in bad faith or [is] motivated by a desire to harass." Juidice v. Vail, 430 U.S. 327, 338 (1977). Petitioner also does not fall within any of the contexts in which the Ninth Circuit has applied the irreparable harm exception. Accordingly, the Court finds that abstention is appropriate.

Additionally, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing Castro-Cortez v. INS, 239 F.3d 1037, 1047

(9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Ward, 678 F.3d at 1045. Here, there is no indication that Petitioner has pursued his claims in the state appellate court or in the California Supreme Court. It appears from the face of the petition that Petitioner has failed to exhaust his state court remedies.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice based on Younger v. Harris, 401 U.S. 37 (1971).

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 3, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE